Taft, C. J.,
dissenting in part. The first sentence of Section 5731.10, Revised Code, specifies that “the value of the aggregate succession [i. e., as indicated by Section 5731.01(B), Revised Code, the property passing from the estate to those who receive something therefrom] * * # shall he the fair market value of all the property, real or personal, whether within or without the state, passing to the successor [as indicated by Sections 5731.01(B) and 5731.03, “the successor” includes all of those who receive something as legatees, devisees or other distributees of the estate] from the estate of the decedent, after making the deductions computed as though the decedent had heen a resident of this state and all of his property were located in this state.”
Admittedly, in the instant case, this would require deduction from the value of decedent’s gross estate of all the decedent’s debts, all the costs of administration, and the amount of the federal estate tax. Tax Commission, ex rel. Price, Atty. Genl., v. Lamprecht, Admr. (1923), 107 Ohio St., 535, 140 N. E., 333, 31 A. L. R., 985, decided two years before the enactment of Section 5731.10, so holds.
The next sentence of Section 5731.10 specifies that “the value of the Ohio succession * * * shall he the fair market value of that part of the aggregate succession which passes *358 to the successor in property subject to [the Ohio] inheritance tax * * * after allowing the deductions [aforesaid].”*
Those “deductions aforesaid” necessarily include all the decedent’s debts, all the costs of administration and the amount of the federal estate tax.
Thus, the General Assembly has in the first two sentences of Section 5731.10, Revised Code, very clearly expressed an intention not to take the gross value of property of a nonresident decedent that is subject to the Ohio inheritance tax as the value of the Ohio succession, but instead to take only “part of the aggregate succession,” which had been specifically defined in the previous sentence as the gross value after deductions therefrom for debts, federal estate tax and costs of administration; and then, in order to make absolutely certain that that intention should not be misunderstood, the General Assembly expressed it again by stating that that “part of the aggregate succession” was to be “after allowing the deductions aforesaid,” i. e., deductions for debts, costs of administration and federal estate tax.
In the instant case, the personal property of the decedent, which was not specifically bequeathed by her will, was more than sufficient to pay all her debts, the federal estate tax and all the costs of administration. In such an instance, in the absence of provisions in the will for payment from other property, such debts and those costs of administration should be paid out of such personal property, although there may be some question as to whether, in the absence of provisions of a will requiring that conclusion, such personal property should bear the entire burden of the federal estate tax. See McDougall, Admr., v. Central National Bank of Cleveland, Trustee (1952), 157 Ohio St., 45,104 N. E. (2d), 441.
*359 There are no provisions of the will requiring payment of the debts of the decedent or the costs of administration, other than the taxes hereinafter referred to, from any other property. However, clause “Tenth” of the will definitely directs payment of “all estate, inheritance, transfer, legacy, succession and other death taxes, state and federal, * * * entirely from and out of the assets available for and which constitute my residuary estate, disposed of by the ninth clause of this will” and that ninth clause disposed of “all the rest, residue and remainder of” decedent’s “estate, both real and personal * * * wheresoever situate.” Thus, those taxes, including the very substantial federal estate tax, were directed to be paid out of a fund that included decedent’s Ohio real estate.
As stated in the syllabus of Bane v. Wick (1863), 14 Ohio St., 505:
“Although ordinarily the undisposed of personal property is primarily liable for the payment of debts, yet where the testator, by the disposition made in his will, clearly designates a particular fund for this purpose, such fund should be first exhausted.”
From the foregoing, it is apparent that, in determining the value of the Ohio succession, at least a portion of the amount paid for the taxes specified in clause tenth of decedent’s will (which taxes included the very substantial federal estate tax) should have been deducted from the gross value of the Ohio real estate in determining the value of the Ohio succession for inheritance tax purposes. In my opinion, that portion should be the proportion thereof which the value of the Ohio real estate bears to the total value of all assets disposed of and to be disposed of by clause ninth of the will before the payment of such taxes therefrom.
Guernsey and Herbert, JJ., concur in the foregoing opinion by Tart, C. J.

 In recodifying Section 5334-1, General Code, as Section 5731.10, Revised Code, the word “aforesaid” was omitted after the word “deductions” but Section 5731.10 must be construed as though “aforesaid” had not been so omitted therefrom. This follows from Section 1.24, Revised Code, which reads in part:
“* * * in enacting this act it is the intent of the General Assembly not to change the law as heretofore expressed by the section * * * of the General Code * * *.”